**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE JAMES MADISON PROJECT <br> 1250 Connecticut Avenue, NW <br> Suite 200 <br> Washington, D.C.  20036 <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE <br> 2201 C Street, NW <br> Washington, D.C. 20520 <br><br> and <br><br> DEPARTMENT OF DEFENSE <br> 1000 Defense Pentagon <br> Washington, D.C. 20301-1000 <br><br> and <br><br> CENTRAL INTELLIGENCE AGENCY <br> Washington, D.C. 20505 <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | <br><br><br><br><br><br> Civil Action No. 15-1307 |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records improperly withheld from plaintiff The James Madison Project by the defendants Department of Justice, Department of Defense, and Central Intelligence Agency (as well as their subordinate entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by JMP which are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Executive Office for the U.S. Attorneys ("EOUSA") and the DOJ Civil Division ("DOJ Civ").

5. Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by JMP which are the subject of this action. DOD controls – and consequently serves as the proper party defendant for litigation purposes for – the Department of the Navy ("Navy") and the Defense Intelligence Agency ("DIA").

6. Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by JMP which are the subject of this action.

**COUNT ONE – DOJ CIV**

7. By letter dated July 30, 2014, JMP submitted to DOJ Civ a FOIA request which specifically sought copies of records, including cross-references, pertaining to the book "No Easy Day: The Firsthand Account of the Mission that Killed Osama Biden Laden" (hereinafter referred to as "No Easy Day").

8. JMP indicated that DOJ Civ could limit the scope of its search to the following categories of information:

   1) Legal analyses of the extent to which the author of No Easy Day, identified by the pseudonym Mark Owen ("Mr. Owen"), was bound by non-disclosure agreements to submit written manuscripts for pre-publication review;

   2) Analyses of the extent to which information contained within the published version of No Easy Day remains properly classified;

   3) Any "damage" or "harm" assessments made regarding the impact that the disclosure of any properly classified information has had upon the national security of the United States;

   4) Legal analyses of the viability of taking legal action against Mr. Owen, including civil and/or criminal litigation;

   5) Any documentation memorializing analyses of administrative measures that could be taken against Mr. Owen, including with respect to his continued eligibility for access to classified information; and

   6) Legal analyses of the viability of taking legal action against Penguin Group USA, the company that published No Easy Day.

JMP clarified that DOJ Civ could limit the timeframe of its search from January 1, 2011,

3

up until the date of acceptance of the FOIA request. JMP further clarified that the scope of DOJ Civ's search should include all cross-references and should not be limited to DOJ Civ-originated records. JMP also requested that responsive records be produced in electronic form.

9.  In the FOIA request, JMP pre-emptively waived any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or whom otherwise were not acting in a supervisory position. JMP similarly waived any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below.

10. In terms of all other third parties (aside from Mr. Owen) who work for the U.S. Government and whose names appear in records responsive to this request, JMP explained in detail that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of the FOIA request. In terms of Mr. Owen himself, JMP similarly described in detail the basis for its conclusion that the public interest in records responsive to the FOIA request outweighed Mr. Owens' categorical privacy interests. Relying upon the public interest aspect outlined regarding third party privacy interests, JMP stated that it was also seeking a waiver of fees or, at a minimum, a reduction in fees.

11. By letter dated September 12, 2014, DOJ Civ acknowledged receipt of JMP's request and assigned it Request No. 145-FOI-13328. In the letter, DOJ Civ stated that categories 1, 4 and 5 of the FOIA request implicated law enforcement records concerning third parties and were categorically exempt under FOIA Exemptions 6 and 7 as

unwarranted invasions of personal privacy. DOJ Civ did not substantively reject the detailed explanations JMP had provided attempting to pre-empt this argument. Instead, DOJ Civ stated that JMP had not asserted any overriding public interest in disclosure.

12. DOJ Civ further explained that categories 3 and 6 were categorically exempt under FOIA Exemption 5 and that category 2 had been referred to DOD for processing and direct response. DOJ Civ also indicated that if JMP was not satisfied with the response it could submit an administrative appeal to the Director of the Office of Information Policy ("OIP").

13. By letter dated September 15, 2014, JMP timely submitted an administrative appeal to OIP. JMP indicated that it was appealing all aspects of DOJ Civ's substantive denial, including an appeal of DOJ Civ's determination to refer category 2 to DOD in its entirety without conducting a search of its own databases. In addition, JMP noted that it was disheartening that DOJ Civ's denial letter appeared to completely ignore and/or overlook two entire pages of information JMP had provided seeking to pre-emptively address the invocation of categorical privacy protections under FOIA Exemptions 6 and 7.

14. By letter dated September 25, 2014, OIP acknowledged receipt of JMP's administrative appeal and assigned it Appeal Number AP-2014-0-4817.

15. By letter dated January 21, 2015, OIP upheld DOJ Civ's substantive denial in its entirety. OIP, like DOJ Civ, made no reference to JMP's detailed explanation of the overriding public interest in disclosure outweighing any categorical third party privacy interests. Instead, OIP simply stated that absent an overriding public interest (or consent or proof of death), any records responsive to categories 1, 4 and 5 were categorically

exempt under FOIA Exemption 7(C). OIP also sustained DOJ Civ's denial regarding the invocation of FOIA Exemption 5 for categories 3 and 6, as well as the referral of category 2 by DOJ Civ to DOD. OIP notified JMP of its right to seek judicial review pursuant to 5 U.S.C. § 552(a)(4)(B).

16. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOJ Civ of said right.

## COUNT TWO - EOUSA

17. By letter dated July 30, 2014, JMP submitted to EOUSA a FOIA request for copies of all EOUSA records, including cross-references, pertaining to "No Easy Day". JMP re-alleges paragraphs 7-10 insomuch as the language in the FOIA request to EOUSA describing the scope of records sought, as well as the pre-emptive arguments raised regarding third party privacy interests and the request for a waiver and/or reduction in fees, was identical to the language JMP provided in the request it submitted to DOJ Civ. In addition, JMP clarified that responsive records for its FOIA request to EOUSA are reasonably likely to be located within EOUSA offices in the Eastern District of Virginia and Washington, D.C.

18. By letter dated August 18, 2014, EOUSA acknowledged receipt of JMP's FOIA request and assigned it Request Number FOIA-2014-03606.

19. To date, no substantive response has been received by JMP from EOUSA. JMP has constructively and actually exhausted all required administrative remedies.

20. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by EOUSA of said right.

## **COUNT THREE – DOD**

21. By letter dated July 30, 2014, JMP submitted to DOD a FOIA request for copies of all DOD records, including cross-references, pertaining to "No Easy Day". JMP re-alleges paragraphs 7-10 insomuch as the language in the FOIA request to DOD describing the scope of records sought, as well as the pre-emptive arguments raised regarding third party privacy interests and the request for a waiver and/or reduction in fees, was identical to the language JMP provided in the request it submitted to DOJ Civ.

22. To date, no substantive response has been received by JMP from DOD. JMP has constructively and actually exhausted all required administrative remedies.

23. DOD has never provided any response to JMP regarding the information regarding which DOJ Civ referred to it for direct response and processing.

24. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOD of said right.

## **COUNT FOUR – NAVY**

25. By letter dated July 30, 2014, JMP submitted to the Navy a FOIA request for copies of all Navy records, including cross-references, pertaining to "No Easy Day". JMP re-alleges paragraphs 7-10 insomuch as the language in the FOIA request to the Navy describing the scope of records sought, as well as the pre-emptive arguments raised regarding third party privacy interests and the request for a waiver and/or reduction in fees, was identical to the language JMP provided in the request it submitted to DOJ Civ.

26. To date, no substantive response has been received by JMP from the Navy. JMP has constructively and actually exhausted all required administrative remedies.

27. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by the Navy of said right.

## **COUNT FIVE – DIA**

28. By letter dated July 30, 2014, JMP submitted to DIA a FOIA request for copies of all DIA records, including cross-references, pertaining to "No Easy Day". JMP re-alleges paragraphs 7-10 insomuch as the language in the FOIA request to DIA describing the scope of records sought, as well as the pre-emptive arguments raised regarding third party privacy interests and the request for a waiver and/or reduction in fees, was identical to the language JMP provided in the request it submitted to DOJ Civ.

29. To date, no substantive response has been received by JMP from DIA. JMP has constructively and actually exhausted all required administrative remedies.

30. By letter dated April 15, 2015, the Navy informed JMP that one record responsive to the FOIA request JMP had submitted to DIA had been referred by DIA to the Navy on March 4, 2015. In its letter, the Navy notified JMP that this one responsive record was "substantially the same" as a record previously released and publicly available online. The Navy provided the relevant URL link indicating that the record had already been previously released and separately provided a copy to JMP of the record in its entirety.

31. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by DIA of said right.

## **COUNT SIX – CIA**

32. By letter dated July 30, 2014, JMP submitted to CIA a FOIA request for copies of all CIA records, including cross-references, pertaining to "No Easy Day". JMP re-alleges paragraphs 7-10 insomuch as the language in the FOIA request to CIA describing the

scope of records sought, as well as the pre-emptive arguments raised regarding third party privacy interests and the request for a waiver and/or reduction in fees, was identical to the language JMP provided in the request it submitted to DOJ Civ.

33. By letter dated August 4, 2014, CIA acknowledged receipt of JMP's request and assigned it Request Number F-2014-02190.

34. To date, no substantive response has been received by JMP from CIA. JMP has constructively and actually exhausted all required administrative remedies.

35. JMP has a legal right under the FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

WHEREFORE, plaintiff The James Madison Project prays that this Court:

(1) Orders the defendant federal agencies to disclose the requested records in their entirety and make copies promptly available to the plaintiff;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date: August 12, 2015

                                     Respectfully submitted,

                                           /s/
                                    _____
                                    Bradley P. Moss, Esq.
                                    D.C. Bar #975905
                                    Mark S. Zaid, Esq.
                                    D.C. Bar #440532
                                    Mark S. Zaid, P.C.
                                    1250 Connecticut Avenue, N.W.
                                    Suite 200
                                    Washington, D.C. 20036
                                    (202) 454-2809
                                    (202) 330-5610 fax
                                    Brad@MarkZaid.com
                                    Mark@MarkZaid.com

                                    Attorneys for Plaintiff