## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES MADISON PROJECT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 15-1307 (RMC)** |
| | ) |
| **DEPARTMENT OF JUSTICE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OPINION

Plaintiff James Madison Project (JMP) brought this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, appealing the disposition of records it requested from, among other agencies, the Department of Defense (DoD).  On September 22, 2016, the Court granted in part and denied in part Defendants' Motion for Summary Judgment, denying summary judgment on Count Three against DoD due to the inadequacy of the search. *See James Madison Project v. DOJ*, 208 F. Supp. 3d 265 (D.D.C. 2016).  DoD submitted a supplemental supporting declaration and renewed its motion for summary judgment on May 5, 2017.  *See* DoD Renewed MSJ [Dkt. 20]; *see also* Second Declaration of Mark H. Herrington [Dkt. 20-1] (Herrington 2nd Decl.).  Based on the uncontested facts in DoD's supplemental declarations, and for the reasons set forth below, the Court will grant DoD's Renewed Motion for Summary Judgment.

## I.     BACKGROUND

In 2014, JMP requested records from, among other agencies, the DoD, "pertaining to the Book 'No Easy Day:  The Firsthand Account of the Mission that Killed Osama

1

Biden Laden [sic].'" (*No Easy Day*).  Compl. ¶¶ 7, 21 [Dkt. 1].  JMP sought:

1. Legal analyses of the extent to which the author of *No Easy Day*, identified by the pseudonym Mark Owen ("Mr. Owen"), was bound by non-disclosure agreements to submit written manuscripts for pre-publication review;

2. Analyses of the extent to which information contained within the published version of *No Easy Day* remains properly classified;

3. Any "damage" or "harm" assessments made regarding the impact that the disclosure of any properly classified information has had upon the national security of the United States;

4. Legal analyses of the viability of taking legal action against Mr. Owen, including civil and/or criminal litigation;

5. Any documentation memorializing analyses of administrative measures that could be taken against Mr. Owen, including with respect to his continued eligibility for access to classified information; and

6. Legal analyses of the viability of taking legal action against the Penguin Group USA, the company that published *No Easy Day*.

*Id.* ¶ 8.  The period of time from which records were sought was January 1, 2011 to the date of acceptance of the request.  *See id.*  At issue here are DoD's response to JMP concerning the *No Easy Day* FOIA request submitted directly to it, as well as DoD's response with respect to a record referred to DoD by the Civil Division of the Department of Justice (Civil Division).

On July 30, 2014, JMP submitted the same *No Easy Day* FOIA request to the Civil Division.  *See* Declaration of Angie A. Cecil [Dkt. 9-1] ¶ 3 (Cecil Decl.).  By letter dated September 12, 2014, the Civil Division noted it had referred a record responsive to category 2 of JMP's *No Easy Day* FOIA request to DoD for a direct response.  Cecil Decl. ¶ 5; *see also* Declaration of Mark H. Herrington [Dkt. 9-3] ¶ 12 (Herrington 1st Decl.).  On November 5, 2014, DoD notified JMP that it was withholding the referred record under Exemptions 1 and 5,

and explained JMP's appellate rights.  Herrington 1st Decl. ¶ 12.  JMP admits that it did not file

an appeal.  JMP's Resp. to DoD's Statement of Material Facts [Dkt. 12-1] ¶ 15.

JMP also submitted its *No Easy Day* FOIA request directly to DoD on July 30,

2014.  Herrington 1st Decl. ¶ 3.  DoD responded on February 10, 2016, withholding all

responsive records under Exemptions 5 and 6.  *See* 5 U.S.C. § 552(b)(5), (6); Herrington 1st

Decl. ¶¶ 4-12.

On September 22, 2016, the Court granted summary judgment in favor of all

Defendants except DoD, finding that DoD failed to satisfy the requirements of FOIA § 552(b)

because the agency failed to demonstrate that a good-faith effort was made to search for

responsive records.  *See James Madison Project*, 208 F. Supp. 3d at 287-88.  In his First

Declaration in support of the agency's Motion for Summary Judgment, DoD's representative,

Mark Herrington, failed to indicate that a search was conducted at all, "but instead attempt[ed] a

*Glomar* response that all records that might be located would be exempt under Exemptions 5 or

6."  *Id.* at 287; *see also Phillippi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976) (recognizing

*Glomar* responses).  This Court held that "a categorical refusal to search is not sufficient"

because DoD "ha[d] not articulated why it [could] neither confirm nor deny the existence of

responsive records, as required in a *Glomar* response[,]" and, thus, summary judgment was

inappropriate.  *James Madison Project*, 208 F. Supp. 3d at 287.

DoD submitted the Second Declaration of Mark H. Herrington on May 4, 2017 in

support of its renewed motion for summary judgment.  *See* DoD Renewed MSJ; Herrington 2nd

Decl.  In his Second Declaration, Mr. Herrington stated that a search "was conducted by DoD,

and clarif[ied] that the DoD did not intend to provide a *Glomar* response."  Herrington 2nd Decl.

¶ 3.  However, DoD did not describe the methods used to conduct its search.  *See id.* ¶ 5.  JMP

opposed DoD's Renewed Motion for Summary Judgment, *see* Opp'n [Dkt. 22], and DoD

replied.  *See* DoD Reply [Dkt. 23].  By leave of the Court, JMP filed a surreply, *see* Surreply

[Dkt. 26], and DoD filed a sur-surreply.  *See* DoD Sur-Surreply [Dkt. 27].  On June 30, 2017,

DoD further supplemented its account of the methods employed to search for responsive records

in response to a request from the Court, *see* Third Declaration of Mark H. Herrington [Dkt. 29-1]

(Herrington 3rd Decl.), and JMP responded.  *See* JMP Resp. [Dkt. 30].

        In his Third Declaration, Mr. Herrington explains how he spoke with the attorneys

within DoD's Office of General Counsel (OGC) "responsible for all litigation related to *No Easy*

*Day*."  Herrington 3rd Decl. ¶ 4.  Mr. Herrington specifies that, using the OGC's internal filing

system and with the help of the relevant attorneys, he identified all classified and unclassified

paper records likely to be responsive to JMP's *No Easy Day* FOIA request.  *Id.* ¶ 5.  Mr.

Herrington describes how he similarly identified all classified and unclassified electronic

records, which were stored in electronic folders that could be identified as relating to *No Easy*

*Day*.  *Id.* ¶ 6.  Finally, Mr. Herrington, with the help of the attorneys, identified the attorneys'

email folders relating to *No Easy Day*.  *Id.* ¶ 7.  Mr. Herrington determined that these locations

were likely to contain all records responsive to the *No Easy Day* FOIA request.  *Id.* ¶ 4.  Mr.

Herrington states that he reviewed all of these records, and he determined that they were, in fact,

responsive to the *No Easy Day* FOIA request, *id.* at ¶¶ 5-7, but should be withheld under

Exemptions 5 and 6.  Herrington 2nd Decl. ¶¶ 6-9.

        DoD's Renewed Motion for Summary Judgment is ripe for review.

## II.    LEGAL STANDARD

### A.  Motion for Summary Judgment under Rule 56

Summary judgment should be granted pursuant to Federal Rule of Civil Procedure 56 if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, a court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.

### B.  FOIA

FOIA requires federal agencies to release government records to the public upon request, subject to nine listed exemptions.  *See* 5 U.S.C. § 552(b); *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007).  Before commencing a suit in federal court, a FOIA requestor must exhaust its administrative remedies.  *See Sinito v. DOJ,* 176 F.3d 512, 516 (D.C. Cir. 1999).  A district court properly grants an agency judgment on the pleadings when plaintiff "fail[s] to internally appeal the agenc[y's] denial[] and thus to exhaust its administrative remedies."  *Freedom Watch, Inc. v. NSA*, 783 F.3d 1340, 1344 (D.C. Cir. 2015); *see also Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (instructing district court to dismiss FOIA claim for failure to exhaust administrative remedies).  A requester is "deemed to have exhausted his administrative

remedies" under FOIA if the agency fails to respond to the request within the statutorily prescribed 20 days. 5 U.S.C. § 552(a)(6)(C); *see also Toensing v. DOJ*, 890 F. Supp. 2d 121, 132 (D.D.C. 2012). However, this "so-called constructive exhaustion ceases to offer a basis for judicial action once an agency actually responds." *Schwaner v. Dep't of the Army*, 696 F. Supp. 2d 77, 80 (D.D.C. 2010) (citing *Oglesby v. Dep't of the Army*, 920 F.2d 57, 61, 63-64 (D.C. Cir. 1990)). "If a requester actually receives an agency's untimely response before filing suit under § 552(a)(6)(A)(i), he must utilize the administrative appeals process." *Schwaner*, 696 F. Supp. 2d at 80 (citing *Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003)).

Even when a requester has exhausted its administrative remedies, "FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. United States Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). In a FOIA action, "the agency bears the burden of showing that there is no genuine issue of material fact, even when the underlying facts are viewed in the light most favorable to the requester." *Judicial Watch, Inc. v. DOJ*, 806 F. Supp. 2d 74, 76-77 (D.D.C. 2011) (citing *Weisberg v. DOJ*, 705 F.2d 1344, 1350 (D.C. Cir. 1983) (*Weisberg II*)). To meet this burden, "[a]gencies may rely on affidavits or declarations of government officials, as long as they are sufficiently clear and detailed and submitted in good faith." *McLaughlin v. DOJ*, 530 F. Supp. 2d 210, 212 (D.D.C. 2008) (citing *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)); *see also SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Agency declarations are afforded a "presumption of good faith." *SafeCard*, 926 F.2d at 1200. When an agency has submitted such declarations, the requester then bears the burden of demonstrating a lack of good faith. *See Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993).

For a court to grant an agency's motion for summary judgment, the record must demonstrate that the agency's search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information. *See Sanders v. Obama*, 729 F. Supp. 2d 148, 154 (D.D.C. 2010), *aff'd sub nom. Sanders v. DOJ*, No. 10-5273, 2011 WL 1769099 (D.C. Cir. Apr. 21, 2011).

"[T]he agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68. The adequacy of a search is "judged by a standard of reasonableness and depends, not surprisingly, on the facts of each case." *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (*Weisberg III*). An agency need not show that it "actually uncovered every document extant." *SafeCard*, 926 F.2d at 1201. However, it must provide a detailed description of the methods it used to conduct its search. *See Aguirre v. SEC*, 551 F. Supp. 2d 33, 61 (D.D.C. 2008); *see also*, *Judicial Watch, Inc. v. DOJ*, 185 F. Supp. 2d 54, 64 (D.D.C. 2002) (citing *Valencia–Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999)) (finding description of search inadequate where Court could not determine whether efforts reasonably calculated to locate responsive records).

### III.     ANALYSIS[1]

#### A.  Exhaustion

DoD did not respond to the *No Easy Day* FOIA request that JMP submitted directly to it until February 10, 2016—over two years after the request was filed and six months

---

[1] Section 552(a)(4)(B) gives this court subject matter jurisdiction over all actions brought under FOIA, and makes this an appropriate forum for venue purposes. 5 U.S.C. § 552(a)(4)(B); *see Jones v. Nuclear Regulatory Comm'n*, 654 F. Supp. 130, 131 (D.D.C. 1987). The Court's

after the commencement of this litigation.  *See* Herrington 1st Decl. ¶¶ 4-12.  Because DoD's response occurred after the commencement of litigation, JMP is deemed to have constructively exhausted its administrative remedies.  *See Toensing*, 890 F. Supp. 2d at 129 (citing 5 U.S.C. § 552(a)(6)(C)).

However, the Court finds that JMP failed to exhaust its administrative remedies with respect to the record referred to DoD by the Civil Division.  DoD provided its response regarding that record two months after it was referred.  *See* Cecil Decl. ¶ 5; Herrington 1st Decl. ¶ 12.  However, JMP did not file its Complaint until August 12, 2015.  *See* Compl.  Thus, DoD responded to JMP regarding the referred record before JMP filed this action, and "[a]t that point, [JMP] was obligated to exhaust [its] administrative remedies."  *Schwaner*, 696 F. Supp. 2d at 81. Because JMP admits that it failed to do so, *see* JMP's Resp. to DoD's Statement of Material Facts ¶ 15, the Court will grant summary judgment as to the referred record.

### B.  Reasonableness of the Search

Under FOIA, an agency must undertake a search that is "reasonably calculated to uncover all relevant documents."  *Weisberg II*, 705 F.2d at 1351.  The three declarations submitted by DoD describe a search of all of DoD's folders—physical, electronic, and email— by identifying the individuals likely to have responsive records and interviewing them to determine where all records relevant to *No Easy Day* would be located and then reviewing each of those records individually.  *See* Herrington 2nd Decl. ¶¶ 4-6; Herrington 3rd Decl. ¶¶ 4-7. JMP argues that DoD should have utilized search terms to identify the relevant records instead of

---

jurisdiction under FOIA extends only to claims arising from the improper withholding of agency records.  *See* 5 U.S.C. § 552(a)(4)(B); *see also Lazaridis v. DOJ*, 713 F. Supp. 64, 66 (D.D.C. 2010) (citing *McGehee v. CIA,* 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980))).

merely asking individuals where relevant records were located in their physical and electronic files.  Specifically, JMP argues that "DoD's refusal to utilize search terms in this context should be rejected by this Court as inadequate as a matter of law."  JMP Resp. at 2.

FOIA defines the term search as "to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request."  5 U.S.C. § 552(a)(3)(D).  "[R]easonableness is the hallmark of an adequate FOIA search, and must be decided on the facts of the case."  *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 64 (D.D.C. 2003) (citing *Weisberg III*, 745 F.2d at 1485); *see also Davis v. DOJ*, 460 F.3d 92, 103 (D.C. Cir. 2006); *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (The "adequacy of an agency's search is measured by a standard of reasonableness, and is dependent upon the circumstances of the case."); *Wright v. Admin. for Children & Families*, No. 15-218, 2016 WL 5922293, at *5 (D.D.C. Oct. 11, 2016) (quoting *Campbell v. DOJ*, 164 F.3d 20, 28 (D.C. Cir. 1998), *as amended* (Mar. 3, 1999) ("The FOIA demands only a reasonable search tailored to the nature of a particular request.")).

Although a reasonable search of electronic records *may* necessitate the use of search terms in some cases, FOIA does not demand it in all cases involving electronic records. JMP's citation to *Toensing v. DOJ*, 890 F. Supp. 2d 121, 143 (D.D.C. 2012) does not support its argument that DoD must use search terms as a matter of law.  In *Toensing*, the plaintiffs requested "a copy of all documents and recordings collected, accumulated, and/or maintained" by the Department of Justice related to the investigation and eventual subpoenas of plaintiffs.  *Id.* at 126-27.  The Assistant United States Attorney assigned to the case, Patricia Hannigan, "certified, *without performing any search*, that [the individuals handling the request] kn[e]w there were no tapes/transcripts responsive to the request."  *Id.* at 127 (emphasis added) (internal

9

citations omitted).  The *Toensing* Court held that "Ms. Hannigan's response, which admits that no search was performed and relies instead on professed personal knowledge that no responsive records exist, cannot possibly constitute an adequate search."  *Id.* at 143.  *Toensing* does not stand for the proposition, as argued by JMP, that "reliance upon 'personal knowledge' as a substitute for using . . . search terms in looking for responsive records amidst electronic files and databases appears to be disfavored."  JMP Resp. at 1.  In fact, later in its analysis, the *Toensing* court held that "[t]he FOIA does not require that a 'search' of records take any particular form." 809 F. Supp. 2d at 144.  An agency cannot fail to search at all based upon alleged personal knowledge, but courts have not found that a particular type of search is required by FOIA, merely that a reasonable search must be conducted; and, in this case, the DoD did conduct a search.  Thus, *Toensing* is inapposite here.

In this case, the responsive files were readily identifiable without search terms and the records in all of the files were individually reviewed.  *See* Herrington 3rd Decl. ¶¶ 4-8. Based upon DoD's three supporting declarations and the presumption of good faith afforded to them, the Court finds that DoD "us[ed] methods which [could] be reasonably expected to produce the information requested," and the search was, therefore, adequate.  *Oglesby*, 920 F.2d at 68.

### C.  Exemption 5

Exemption 5 permits the withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency."  5 U.S.C. § 552(b)(5).  It protects records that are "normally privileged in the civil discovery context."  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).  Exemption 5 covers "the attorney-client privilege, the attorney work-product privilege, [and] the executive

deliberative process privilege." *Rockwell Int'l Corp. v. DOJ*, 235 F.3d 598, 601 (D.C. Cir. 2001). "To qualify as exempt under this section, a document must meet two conditions: 'its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it.'" *Stolt-Nielsen Transp. Grp. Ltd. v. United States*, 534 F.3d 728, 733 (D.C. Cir. 2008) (quoting *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001)).

In a FOIA action, "[t]he non-movant . . . bears the burden of controverting the movant's asserted justifications by either contrary evidence in the record [or] by evidence of agency bad faith." *Augustus v. McHugh*, 870 F. Supp. 2d 167, 172 (D.D.C. 2012); *see also Skinner v. DOJ*, 893 F. Supp. 2d 109, 112 (D.D.C. 2012), *aff'd sub nom. Skinner v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 12-5319, 2013 WL 3367431 (D.C. Cir. May 31, 2013) ("[T]he Court may treat as conceded any argument raised in a motion which the opposing party fails to address.").

The DoD relies on Exemption 5 and the three cited privileges to withhold in their entirety all records responsive to JMP's *No Easy Day* FOIA request. Herrington 2nd Decl. ¶¶ 6-9; *see also* Herrington 1st Decl. ¶¶ 5-11. JMP concedes the appropriateness of these withholdings. Opp'n at 1 ("Upon review of DoD's Motion, JMP is conceding the appropriateness of the withholdings made by the Government.").

### D. Exemption 6

In the alternative to Exemption 5, the DoD invokes Exemption 6, *see* 5 U.S.C. § 552(b)(6), to withhold the personal identifying information of junior DoD personnel. *See* Herrington 2nd Decl. ¶ 9. Because this Court finds that all of the responsive records were properly withheld under Exemption 5, it need not reach this argument, *see UtahAmerican*

*Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1123 (D.C. Cir. 2012) ("[T]he government, after all, need prevail on only one exemption."), however, JMP also concedes the applicability of Exemption 6. *See* Opp'n at 1 ("Upon review of DoD's Motion, JMP is conceding the appropriateness of the withholdings made by the Government.").

### E. Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *See* 5 U.S.C. § 552(b); *see also Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999). The court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (quoting *Church of Scientology of Cal. v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)). To demonstrate that all reasonably segregable material has been released, the agency must provide a detailed justification rather than conclusory statements. *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

Upon review of the declarations submitted by Mr. Herrington, the Court finds that DoD has adequately explained that no portions of the records were segregable. *See* Herrington 2nd Decl. ¶ 8.

### IV. CONCLUSION

The Department of Defense performed an adequate search for records responsive to the *No Easy Day* FOIA request, properly withheld the records under Exemptions 5 and 6, and demonstrated that no portions of the exempt records were segregable. For those reasons, the

Court will grant the Department of Defense's Renewed Motion for Summary Judgment, Dkt. 20.

A memorializing Order accompanies this opinion.


Date:  July 25, 2017                          _____/s/_____
                                              ROSEMARY M. COLLYER
                                              United States District Judge